IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DALE McCORMICK,**

                **Plaintiff,**

        **v.**                        **CASE NO.  11-3130-SAC**

**SAM BROWNBACK,**
**et al.,**

                **Defendants.**

### O R D E R

This civil complaint was filed pro se by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF).  Plaintiff has also filed a motion to proceed without prepayment of fees (Doc. 2) and has attached an Inmate Account Statement in support as statutorily mandated.  Plaintiff's motion for the court to accept his complaint even though it is not upon court-approved forms (Doc. 3) shows good cause[1] and accordingly is granted.

**ASSESSMENT OF PARTIAL FEE**

Plaintiff's motion to proceed without prepayment of the fee is documented and shall be granted.  Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the filing fee of $350.00 for a civil action.  Instead, it merely entitles him to proceed without prepayment of

---

[1] The court finds that the complaint filed by Mr. McCormick contains essentially the same information as that required by the court-approved forms.

the full fee, and to pay the fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $ 88.57, and the average monthly balance is $ 28.21. The court therefore assesses an initial partial filing fee of $ 17.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff is required to submit this initial partial filing fee to the court within the time provided in this Order. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**MOTION FOR PRELIMINARY INJUNCTION**

In his complaint, plaintiff includes a prayer for immediate injunctive relief. He has also filed a motion for a preliminary injunction. Plaintiff seeks an injunction requiring defendants Brownback, Roberts, and McKune to take the following actions in any location in LCF where plaintiff is or may be: immediately cease any activity which could possibly disturb lead paint or friable asbestos; and, within 90 days or less, locate and remove all lead paint and potentially friable asbestos. In addition, he seeks an

injunction requiring defendants McKune and Roberts to arrange for plaintiff to be tested by an independent laboratory for both lead and asbestos exposure, and to provide all necessary medical treatment.

A preliminary injunction is an "extraordinary equitable remedy designed to 'preserve the relative positions of the parties until a trial on the merits can be held'." Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1225 (10th Cir. 2009)(quoting Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)).  To obtain a preliminary injunction under Fed.R.Civ.P. 65, the movant must show (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened harm to movant outweighs the injury that the proposed injunction may inflict upon the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001); Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1489 (10th Cir. 1997); Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980).  Mr. McCormick's injunction is a "specifically disfavored" preliminary injunction because it seeks mandatory relief,[2] rather than preservation of the status quo.  See Schrier v. Univ. of Colo., 427 F.3d 1253, 1259 (10th Cir. 2005); O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d

---

[2] An injunction is mandatory, rather than prohibitory, "if the requested relief 'affirmatively require[s] the nonmovant to act in a particular way, and as a result . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction'." Schrier, 427 F.3d at 1261 (quotation omitted).

973, 975 (10th Cir. 2004)(en banc).  Accordingly, his request must be "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  Id.

Having carefully reviewed plaintiff's motion and materials submitted in support, the court finds that he has not established a substantial likelihood that he will succeed on the merits.  He alleges facts and submits documents that he interprets as establishing the existence of harmful lead in paint and asbestos on pipes in "the max" at the LCF.  However, the court does not read plaintiff's exhibits as plainly establishing that there are toxic levels of these substances at LCF.  Moreover, plaintiff's allegations and exhibits contain contrary evidence that prison officials have formally responded to his inquiries by insisting and documenting that all lead paint was removed during past renovations and that no harmful levels of lead or asbestos remain at the LCF.  Rather than establishing a likelihood of success on the merits, plaintiff's motion, at most, indicates issues of fact to be resolved.

Mr. McCormick has also failed to establish that he will suffer irreparable harm if a preliminary injunction does not issue.  While plaintiff alleges that he has suffered symptoms, which he claims can result from lead and asbestos poisoning, his lay opinion as to the cause of his alleged medical symptoms is uncorroborated.  Nor does plaintiff allege that any medical professional has determined that he needs to be tested for levels of lead or

asbestos in his system.

Plaintiff has also failed to meet his burden to establish either factor (3) or (4).  Mr. McCormick can conceive of no harm that might befall either defendants or the public interest if the requested injunction is issued in this case.  However, the granting of plaintiff's requests, given that he alleges a disturbance may be caused by routine maintenance, would conceivably entail evacuation of all cell houses, as well as eating and activity areas in the LCF max or the entire prison, and not simply the temporary halt of construction projects or removal of paint without precautionary measures.  Obviously, the impact of a prison evacuation on defendants and the public interest could be weighty indeed.  Mr. McCormick has not at this juncture made a clear showing of serious danger to his health or safety, which would outweigh the interests of defendants or the public in maintaining the status quo at the LCF.  Furthermore, plaintiff gives no weight to the well-established principle that prison management functions are generally left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  <u>Meachum v. Fano</u>, 427 U.S. 215 (1976).  The court concludes that Mr. McCormick has not met his burden to establish the four factors and exceptional circumstances that would entitle him to extraordinary preliminary relief in this case.

**<u>DISMISSAL OF DEFENDANTS GOVERNOR AND STATE OF KANSAS</u>**

An essential element of a civil rights complaint is the personal participation of each defendant in the alleged unconstitutional acts or inaction. No acts whatsoever are described in the complaint as taken by either Governor Brownback or the State of Kansas. Nor does plaintiff describe any tortious conduct on the part of either of these defendants. They may not be held liable under the theory of respondeat superior as plaintiff suggests. Accordingly, the court dismisses the action as against these defendants.

**MARTINEZ REPORT**

Plaintiff pleads that he has fully exhausted the available administrative remedies. The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Lansing Correctional Facility. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted and that plaintiff is given thirty (30) days in which to submit to the court an initial partial filing fee of $ 17.50. Any objection to this order must be filed on or before the date payment is due.

**IT IS FURTHER ORDERED** that plaintiff is hereby assessed the full filing fee of $350.00; and after he has paid the initial fee, the remainder is to be paid by payments automatically deducted from

his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Forego Form (Doc. 3) is granted, and plaintiff's Motion for Preliminary Injunction (Doc. 5) is denied, without prejudice.

**IT IS FURTHER ORDERED** that this action is dismissed as against defendant Governor Sam Brownback and defendant State of Kansas for lack of personal participation.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the Lansing Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint

7

and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that the screening process under 28

U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant D. Kan. Rule 40.1.

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 25th day of August, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
