IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
DALE MCCORMICK,                    )
                                   )
                Plaintiff,         )    CIVIL ACTION
                                   )
v.                                 )    No.  11-3130-MLB
                                   )
RAY ROBERTS, et al.,               )
                                   )
                Defendants.        )
                                   )
```

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss count eight of plaintiff's amended complaint. (Doc. 24). The motion has been fully briefed and is ripe for decision. (Docs. 25, 28, 29). Defendants' motion is granted for the reasons herein.

**I.   Facts**

Plaintiff is a prisoner confined in the Lansing Correctional Facility (LCF). On July 12, 2011, plaintiff filed his section 1983 complaint against Governor Sam Brownback, the State of Kansas, and several employees at the prison. Plaintiff's allegations concerned lead poisoning and asbestos contamination in the prison. Plaintiff asserted state tort claims as well as a violation of his Eighth Amendment rights. Judge Crow dismissed plaintiff's claims against Brownback and the State of Kansas for lack of personal participation. Plaintiff filed his amended complaint against the remaining defendants and again added Brownback and the State of Kansas. (Doc. 23).

In addition to his prior claims, plaintiff added a habeas claim. Plaintiff alleges that he was subject to a disciplinary proceeding after a discovery of a paperclip in his legal paperwork. The

disciplinary proceeding resulted in a loss of good time credit and a fine of twenty dollars. Plaintiff alleges that he was wrongfully denied the presentation of a defense to the charges against him in the disciplinary proceeding. Defendants move for dismissal of this claim on the basis that a habeas claim cannot be brought pursuant to section 1983. Plaintiff asserts that a habeas claim can be brought in the same action as a 1983 claim.

**II.   Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

While plaintiff is correct that a section 2241 may be joined with a section 1983 claim to save judicial resources and economy, see Preiser v. Rodriquez, 411 U.S. 475, at 499 n. 14 (1973), a joinder of these claims in this case is not proper under the rules. Plaintiff's

habeas claim does not comply with the Federal Rules governing proper joinder of claims and parties. Those rules, briefly summarized, allow all claims to be filed in one complaint that are against a single defendant. However, in order to join a second or other defendants in the same action, all claims against all named defendants must arise from the same transaction or set of transactions. See Fed. R. Civ. P. Rules 18, 20. In other words, a plaintiff may not file a single action raising a myriad of unrelated claims against every person he believes he has a claim against. Plaintiff's habeas claim and his civil rights claims are totally unrelated.

Accordingly, the claim will be dismissed, without prejudice. Additionally, the State of Kansas and Sam Brownback are dismissed, as ordered by Judge Crow. (Doc. 6). Plaintiff is free to challenge the loss of his good time credit by filing a complaint or complaints pursuant to § 2241 on forms provided by the court.

**IV. Conclusion**

Defendants' motion to dismiss is therefore granted. (Doc. 24). Count 8 of the amended complaint is dismissed, without prejudice. The clerk is instructed to attach the current form for section 2241 complaints to this order and mail it to plaintiff.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this 24th day of February 2012, at Wichita, Kansas.

                                       s/ Monti Belot
                                       Monti L. Belot
                                       UNITED STATES DISTRICT JUDGE