IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
DALE MCCORMICK,                    )
                                   )
                 Plaintiff,        )   CIVIL ACTION
                                   )
v.                                 )   No.  11-3130-MLB
                                   )
RAY ROBERTS, et al.,               )
                                   )
                 Defendants.       )
                                   )
```

**MEMORANDUM AND ORDER**

This case comes before the court on the following motions:

1) Plaintiff's motion to appoint a special master (Doc. 34), defendants' response (Doc. 37) and plaintiff's reply (Doc. 50);

2) Plaintiff's motion to alter or amend judgment (Doc. 35), defendants' response (Doc. 39) and plaintiff's reply (Doc. 49); and

3) Plaintiff's motion for equitable tolling (Doc. 36), defendants' response (Doc. 38) and plaintiff's reply (Doc. 48).

**I.   Facts and Procedural History**

Plaintiff is a prisoner confined in the Lansing Correctional Facility (LCF). On July 12, 2011, plaintiff filed his section 1983 complaint against Governor Sam Brownback, the State of Kansas, and several employees at the prison. Plaintiff's allegations concerned lead poisoning and asbestos contamination in the prison. Plaintiff asserted state tort claims as well as a violation of his Eighth Amendment rights. Judge Crow dismissed plaintiff's claims against

Brownback and the State of Kansas for lack of personal participation. Plaintiff filed his amended complaint against the remaining defendants and again added Brownback and the State of Kansas.  (Doc. 23).

In addition to his prior claims, plaintiff added a habeas claim. Defendants moved for dismissal of this claim on the basis that a habeas claim cannot be brought pursuant to section 1983.  On February 24, 2012, the court entered an order granting defendants' motion to dismiss without prejudice.  The court directed the clerk's office to attach the appropriate form for plaintiff to file his habeas claim. In addition, the court dismissed the State of Kansas and Sam Brownback from the amended complaint.

Plaintiff now moves for reconsideration of this court's order and asks that the court allow his claims to proceed against Brownback and the state.  In addition, plaintiff seeks an order tolling plaintiff's habeas claim.  Plaintiff also moves the court to appoint a special master pursuant to 18 U.S.C. § 3626(f).

**II.  Analysis**

**A.  Motion for Reconsideration (Doc. 35)**

First, the Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages. See Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347 (1974); Opala v. Watt, 454 F.3d 1154, 1157 (10th Cir. 2006)(Absent a specific waiver of immunity or express abrogation of the state's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court" regardless of the form of relief requested.)  Therefore, plaintiff cannot sue the State of Kansas as it has not waived its immunity in this case.  Nor can

plaintiff bring suit against Brownback in his official capacity as the governor of Kansas.

In order to succeed in a civil rights action against Brownback in his personal capacity, plaintiff must show that: "(1) [Brownback] promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185, 1199-1200 (10th Cir. 2010). Plaintiff's allegations do not satisfy these requirements. Therefore, his motion for reconsideration is denied. (Doc. 35)[1].

### B. Motion to Appoint a Special Master

Plaintiff moves to appoint a special master to investigate his allegations pursuant to 18 U.S.C. § 3626(f). That section, however, allows the court to appoint a special master "**only** upon a finding that the remedial phase will be sufficiently complex to warrant the appointment." 18 U.S.C. § 3626(f)(1)(B). This case has not yet entered, and may never enter, the remedial phase. Therefore, plaintiff's motion is denied. (Doc. 34).

### C. Equitable Tolling

Plaintiff filed his amended complaint on January 9, 2012, barely within the one-year statute of limitations period. Because of this court's dismissal of his habeas claim, however, plaintiff's habeas claim, if refiled, would be filed outside of the statute of limitations period. See Hall v. Scott, 292 F.3d 1264 (10th Cir.

---

[1] Plaintiff's motion to amend or alter the judgment filed on September 9, 2011, is also denied. (Doc. 16).

2002). Plaintiff seeks an order of this court tolling his habeas claim. Defendants contend that the court cannot toll plaintiff's habeas claim because it is not a live controversy before the court. Defendants are correct. The issue as to whether equitable tolling will apply[2] is to be presented to the judge who is assigned plaintiff's habeas claim.

Plaintiff's motion is therefore denied. (Doc. 36).

### III. Conclusion

Plaintiff's motions before the court are denied. (Docs. 16, 34, 35, 36).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

---

[2] The Tenth Circuit provides that a plaintiff is entitled to the benefits of equitable tolling for having "diligently pursue[d] his claims and demonstrate[d] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Plaintiff has made no such showing. The court notes that this is the thirteenth case plaintiff has filed in this court since 2000. His written submissions are well written – indeed, they are better than those of some lawyers. Although plaintiff is pro se, the rule of liberal construction does not require this court to be so gullible as to assume that a state prisoner with plaintiff's evident experience and abilities is ignorant of the differences between habeas corpus and civil rights claims or the applicable statutes of limitations.

Dated this <u>  26th  </u> day of April 2012, at Wichita, Kansas.

<u>s/ Monti Belot                    </u>  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE