IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DALE E. MCCORMICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-3130-MLB |
| | ) | |
| RAY ROBERTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on a motion (**doc. 98**) filed by pro se plaintiff, Dale McCormick, for reconsideration of an order that granted defendants' requested stay of pretrial proceedings in this case (doc. 91).  For the reasons set forth below, the motion for reconsideration is denied.

## I.  Jurisdiction

As a preliminary matter, the court notes sua sponte that it has jurisdiction to address plaintiff's motion for reconsideration.  On May 25, 2012, plaintiff filed a notice of interlocutory appeal of the court's orders denying his motion for a preliminary injunction (doc. 6) and denying his motion to alter or amend the denial of a preliminary injunction (doc. 61).  Usually the filing of an appeal divests the district court of jurisdiction.  But during the pendency of a plaintiff's appeal of the denial for preliminary injunction, this district court retains jurisdiction to act on matters not involved in the

appeal and to proceed with the action on the merits.[1]   Alternatively, the district court retains jurisdiction as Mr. McCormick's appeal appears to have been untimely filed.[2]   As such, this court has jurisdiction to address this matter.

## II.  Motion for Reconsideration

On June 29, 2012, the undersigned granted defendants' motion to stay discovery (doc. 91).   In their request for a stay, defendants argued that their motion for summary judgment raised the defense of qualified immunity, and, as such, a stay should be issued pending a ruling on that motion by the presiding U.S. District Judge, Monti L. Belot.   The court recognized the broad protection afforded by qualified immunity, including the right "'to avoid the burdens of such pretrial matters as discovery.'"[3]   After reviewing defendants' motion for summary judgment and memorandum in support, however, the court noted that a number of defendants' arguments extended beyond purely legal questions and required plaintiff to submit proof regarding factual disputes.   As such, the undersigned issued a stay only until Judge Belot ruled on plaintiff's pending motion to permit limited discovery under Fed. R. Civ. P. 56(d).

---

[1] *Colorado v. Idarado Min. Co.*, 916 F.2d 1486, 1490 n.2 (10th Cir. 1990); *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987).

[2] *See United States v. Hargrove*, No. 03-20192, 2005 WL 2122650, at *1 (D. Kan. Aug. 25, 2005) (citing *Arthur Andersen & Co. v. Finsesilver*, 546 F.2d 338, 340 (10th Cir. 1976)) (court may ignore notice of appeal if it is deficient for untimeliness).

[3] *See Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

11-3130-MLB-98.docx

In the instant motion for reconsideration, plaintiff contends that: (1) the stay rests on a clearly erroneous legal premise; (2) the stay rests on a clearly erroneous factual premise; and (3) the stay sweeps too broadly (doc. 98, at 1).

D. Kan. Rule 7.3 permits a party to file a motion seeking reconsideration of a nondispositive order.   The motion must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[4]   The decision whether to grant or deny a motion for reconsideration is committed to the court's discretion.[5]   A motion for reconsideration is appropriate if the court "has obviously misapprehended a party's position on the facts or the law."[6]   However, a motion to reconsider should not be used to "rehash previously rejected arguments or to offer new legal theories or facts."[7]   Such a motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[8]

_____

[4] D. Kan. Rule 7.3(b).

[5] *Wright ex rel. Trust Co. of Kan. v. Abbott Lab.'s, Inc.*, 259 F.3d 1226, 1235-36 (10th Cir. 2001).

[6] *Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[7] *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (quoting *Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005)).

[8] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *OTR Driver at Topeka Frito-Lay, Inc.'s Distrib. Cr. v. Frito-Lay, Inc.*, No. 91-4193, 1993 WL 302203, at *1 (D. Kan. July 19, 1993)).

Here, plaintiff does not seek reconsideration based on an intervening change in controlling law or the availability of new evidence.  Instead, he seems to argue that reconsideration is warranted to correct clear error or prevent manifest injustice.

A.  *Stay Rests on a Clearly Erroneous Legal Premise*

First, plaintiff argues that it is clearly established that his exposure to lead-based paint was a constitutional violation.  This argument goes to the merits of the defendants' summary judgment motion pending before the presiding judge, *not* to the issue of whether this court should reconsider its order to stay all pretrial matters in this case. Accordingly, plaintiff has failed to provide a basis for reconsideration.

B.  *Stay Erroneous As To Count VII*[9]

Second, plaintiff argues that because qualified immunity is not applicable to Counts I and VII of his complaint, the stay should be nullified as to those counts. Plaintiff acknowledges that he failed to previously raise this argument before the court.

"A motion for reconsideration is not an opportunity for a party to repackage arguments or present new arguments."[10]  This argument was previously available to plaintiff, and he failed to raise it.  Accordingly, plaintiff's new argument provides no basis for reconsideration.

C.  *Stay Sweeps Too Broadly*

---

[9] Plaintiff entitles this claim: "Stay Rests on Clearly Erroneous Factual Premise."  The court, however, finds the claim addresses a legal question rather than a factual question.

[10] *Luehrman v. United States*, No. 10-2360, 2011 WL 4499348, at *1 (D. Kan. Sept. 27, 2011).

11-3130-MLB-98.docx

4

Third, plaintiff contends that the court's stay sweeps too broadly.  He notes that defendants moved to stay discovery (doc. 85), but the court stayed "[a]ll pretrial proceedings in this case, including discovery" (doc. 91, at 4).  As such, plaintiff seeks to limit the stay to discovery matters so that the court may rule on other pretrial proceedings.  Specifically, plaintiff states that he plans to file a Motion for Preliminary Injunction Regarding Count VII.  In response, defendants argue that until the preliminary question of qualified immunity is resolved, their defense relieves them from not only discovery, but also from the other burdens of litigation.

In addition to the present motion, plaintiff currently has eight other motions pending in this case (docs. 74, 76-78, 80, 88, 90, and 93).  Each of these motions deals directly with discovery matters, that is, determining whether the facility where plaintiff is held contains asbestos and/or lead-based paint and determining whether plaintiff has been exposed to asbestos and/or lead-based paint.   Moreover, Count VII of plaintiff's complaint seeks "an immediate injunction requiring defendant[s] . . . to arrange for plaintiff to be tested by an independent laboratory . . . for both lead and asbestos exposure" (doc. 1, at 13).   As such, any future motion for preliminary injunction regarding Count VII filed by plaintiff will undoubtedly be tied to discovery matters.

As noted when granting the stay in this matter,

> Plaintiff has filed a Fed. R. Civ. P. 56(d) motion, asking the presiding U.S. District Judge, Monti L. Belot, to defer consideration of the summary judgment motion and permit him to obtain discovery into these factual disputes (doc. 90).
>
> The undersigned certainly does not wish to interfere with Judge Belot's decision as to what discovery he finds necessary to reach his ruling

on the summary judgment motion. Judge Belot might decide that summary judgment should be granted—without further discovery—based on a finding that defendants are entitled to qualified immunity because the law is not clearly established. Or Judge Belot might decide that further discovery is necessary before he can reach a decision on the summary judgment motion. Therefore, by this order, the undersigned stays discovery *only* until Judge Belot has an opportunity to issue a ruling on plaintiff's Rule 56(d) motion.

(doc. 91, at 3) (emphasis in original). Based on the same reasoning, the court is not persuaded that the stay sweeps too broadly. In spirit, each of the motions filed by plaintiff, as well as the motion he states he plans to file, are directly tied to discovery matters. As such, addressing them at this juncture would be a waste of judicial resources.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (doc. 98) is denied.

Dated August 16, 2012, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

11-3130-MLB-98.docx