**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

DALE MCCORMICK, )
)
      Plaintiff, )  **CIVIL ACTION**
)
v. )  No. 11-3130-MLB
)
RAY ROBERTS, et al., )
)
      Defendants. )
                )

**MEMORANDUM AND ORDER**

  This case comes before the court on plaintiff's Fed. R. Civ. P. 56(d) motion to stay ruling on defendants' motion for summary judgment. (Doc. 90). The motion has been fully briefed and is ripe for decision. (Docs. 97, 102). Plaintiff's motion is denied for the reasons herein.

**I. Facts and Procedural History**

  Plaintiff is a prisoner confined in the Lansing Correctional Facility (LCF). On July 12, 2011, plaintiff filed his section 1983 complaint against Governor Sam Brownback, the State of Kansas, and several employees at the prison. Plaintiff's allegations concerned lead poisoning and asbestos contamination in the prison. Additionally, plaintiff asserted state tort claims against defendants. Judge Crow dismissed plaintiff's claims against Brownback and the State of Kansas for lack of personal participation.

  On July 28, 2011, plaintiff sought a preliminary injunction against defendants preventing them from disturbing any paint in the cellhouses. Plaintiff's motion was denied. A <u>Martinez</u> Report was filed by defendants and the parties engaged in limited discovery. On

March 6, 2012, plaintiff moved for reconsideration of Judge Crow's decision denying injunctive relief. The undersigned denied plaintiff's motion. (Doc. 61). Plaintiff filed an interlocutory appeal with the Tenth Circuit. The Tenth Circuit affirmed this court's decision and issued a strike against plaintiff for filing a frivolous appeal.

Defendants moved for summary judgment on the basis of qualified immunity and moved to stay discovery. (Docs. 83, 84, 85). In response to defendants' motion for summary judgment, plaintiff moved to stay ruling on defendants' motion pending discovery. In his motion, plaintiff incorporated his brief that was filed in response to defendants' motion to stay discovery. (Doc. 89). The magistrate judge granted defendants' motion to stay discovery pending this court's ruling on plaintiff's Rule 56(d) motion. (Doc. 91).

**II. Analysis**

Under Rule 56(d), if the nonmovant shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court. The nonmovant must satisfy several requirements to obtain relief under Rule 56(d). By affidavit, plaintiff must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts. Price

v. West. Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000).

In addition, the Tenth Circuit has held that where a defense of qualified immunity has been raised, the nonmoving party must additionally demonstrate "how discovery will enable [him] to rebut a defendant's showing of objective reasonableness or . . . demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion." Lewis v. City of Fort Collins, 903 F.2d 752, 758 (10th Cir. 1990).

Plaintiff's brief states that discovery is necessary because he lacks material which is directly relevant to the claims and defenses set forth in defendants' motion. (Doc. 90 at 3). Plaintiff's certification at the end of his motion states as follows:

> I, Dale McCormick, hereby certify and declare that the facts averred in my Response to Defendants' Motion to Stay Discovery in the above case are either known by me to be fact, or that, after a thorough investigation and accounting for all known facts, I have a good-faith basis for believing them to be true; and that the discovery material described in pp. 3-15 of that document, and/or otherwise described in the above document, all relates directly to one or more of the "defenses" set forth in doc. 84 in the above case; all under penalty of perjury.

(Doc. 90 at 4).

After turning to the cited pages, the court finds that plaintiff has not complied with the requirements set forth in Price and Lewis. Plaintiff's arguments regarding missing discovery span several pages. Those arguments, however, do not identify what discoverable facts will create a dispute of fact in this case to preclude summary judgment. For example, plaintiff contends that he has knowledge of grievances which were not disclosed by defendants in discovery. (Doc. 89 at 4). Plaintiff seeks disclosure of those grievances. Plaintiff does not

-3-

identify what facts will be present in those grievances which will controvert a fact at issue in this case. Moreover, assuming plaintiff's assertions are true, plaintiff already has knowledge of the content of those grievances. Therefore, plaintiff has obtained the facts which he seeks and summary judgment should not be stayed to undertake discovery of facts plaintiff admittedly has in his possession. Price, 232 F.3d at 783.

Plaintiff also seeks to depose defendants and their subordinates. Plaintiff contends that he needs to "inquire of defendants, inter alia, who fabricated such information [pertaining to the asbestos and lead paint removal from LCF]. . . [and] plaintiff needs to inquire of defendants why they fabricated their claims." (Doc. 89 at 13). As the Circuit has correctly noted, plaintiff has "failed to present evidence establishing how any of the named defendants personally violated his Eighth Amendment rights." (Order of the Tenth Circuit at p. 4). A fishing expedition in which plaintiff accuses defendants of fabricating the removal of asbestos and lead paint from the prison will not result in creating a genuine issue of material fact for trial. Moreover, plaintiff has not suggested how he would pay for deposition discovery, a relevant point in light of the Tenth Circuit's Order of February 27, 2013, noting that plaintiff has failed to comply with that court's order regarding payment of the filing fee.

Plaintiff's motion has failed to comply with Rule 56(d). Namely, plaintiff has failed to establish which facts are discoverable through discovery and how those facts will preclude defendants' motion for summary judgment. The Tenth Circuit has noted that the "prison official defendants established that there was little to no

-4-

possibility of lead and asbestos exposure in D Cellhouse since before McCormick's arrival there, and medical testing revealed the lead level in his blood is well below safe levels. *A fortiori*, there could be no deliberate indifference to his health regarding lead and asbestos exposure." (Order of the Tenth Circuit at n. 8). Plaintiff does not identify how the discoverable items will create an issue of fact as to the subjective element of an unreasonable risk of serious damage to future health. Notably, the prison officials themselves are subjected to the same supposed risks that plaintiff allegedly faces every day in LCF.

**III. Conclusion**

Plaintiff's motion is denied. No motion for reconsideration, however styled, will be entertained.

Plaintiff is ordered to file a response to defendant's motion for summary judgment on or before March 27, 2013. (Doc. 83). No request for additional time will be considered. The failure to fully comply with Rule 56, this court's Rule 56.1 and applicable case authority will result in the court striking plaintiff's response and considering defendants' motion as uncontested.

IT IS SO ORDERED.

Dated this \_\_7th\_\_ day of March 2013, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE